**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

LEMARR JENNINGS,

|  |  |  |  |
|---|---|---|---|
| | Petitioner, | : | Case No. 3:16-cv-369 |
| - vs - | | | District Judge Thomas M. Rose |
| | | | Magistrate Judge Michael R. Merz |

NEIL TURNER, WARDEN,
 North Central Correctional Complex,

                                              :

              Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:  "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The case was transferred to this District from the Northern District of Ohio by The Honorable Benita Y. Pearson pursuant to 28 U.S.C. 2241(d) because this is the federal judicial district in which Mr. Jennings' state court conviction occurred (ECF No. 4).

Under the Dayton General Order of Assignment and Reference (General Order Day 13-01), the case was referred to the undersigned as are all post-judgment collateral attacks on criminal convictions filed at the Dayton seat of court.

Petitioner Jennings pleads the following grounds for relief:

1

**Ground One:**  Petitioner did not make a voluntary guilty plea due to ineffectiveness of trial counsel.

**Supporting Facts:**  Trial counsel did not fully explain to Petitioner that he faced mandatory consecutive sentence[s] for having a weapon under disability, and trial counsel did not explain to Petitioner that he faced up to a 20 year sentence if the trial court judge imposed consecutive sentences which happened here in contradiction of Ohio sentencing law and double jeopardy violations for imposing consecutive sentences for crimes that happened at the same time and same place.

**Ground Two:**  The trial court judge violated protection against double jeopardy by imposing consecutive sentences for crimes that happened at the same time and place.

**Supporting Facts:**  The trial court judge abused his discretion in imposing consecutive sentences for possession of cocaine and possession of heroin when the 2 crimes happened at the same time and same place.  This violates double jeopardy to be punished twice for the same offense, as the Sixth Federal Circuit Court of Appeals upheld in Preston Atkins v. Neil Turner, Warden North Central Correctional Complex.  This case is similar and this court should uphold the same result and order a resentencing hearing to impose concurrent instead of consecutive sentences.

**Ground Three:**  The Ohio Supreme Court has misconstrued [Ohio Revised Code § ] 2941.25(A) as only applying to some not all criminal defendants in violation of due process and equal protection of law.

**Supporting Facts:**  The Ohio Supreme Court in refusing to hear jurisdiction of Petitioner's appeal has misconstrued Ohio's sentencing law, R.C. 2941.25(A) as saying sentences shall be concurrent unless made consecutive by findings of the court as only applying to some not all criminal defendants in violation of due process and equal protection of law because only some not all criminal defendants are getting this protection, in violation of Preston Atkins v. Neil Turner, Warden North Central Correctional Complex, Sixth Federal Circuit Court of Appeals decision.

**Ground Four:**  Petitioner received ineffective assistance of trial and appellate counsel which resulted in involuntary guilty pleas and denial of petitioner's appeal.

2

> **Supporting Facts:**  Trial counsel did not explain that Petitioner
> faced a mandatory sentence for weapons under disability and that
> with consecutive sentences Petitioner could face a 20 year
> sentence, so Petitioner did not make a voluntary guilty plea.
> Appellate counsel did not effectively argue that Petitioner did not
> make a voluntary guilty plea or show that the trial judge violated
> double jeopardy by giving Petitioner consecutive sentences for
> crimes that happened the same time and same place.

(Petition, ECF No. 1.)

**Procedural History**

Petitioner Jennings was indicted on a number of drug and weapons related charges in the Clark County, Ohio, Common Pleas Court.  As a result of a plea bargain, he pled guilty to a count of possession of cocaine, a count of possession of heroin, and a count of having weapons under disability.  *State v. Jennings*, 2014-Ohio-2307, ¶ 1, 2014 Ohio App. LEXIS 2248 (2nd Dist. May 30, 2014).  He was sentenced to ten years imprisonment on the cocaine charge, seven years on the heroin charge, and three years on the weapons charged, all to be served consecutively.  *Id.* He appealed raising as assignments of error (1) involuntary guilty plea because of trial judge's misinformation about the penalties for violating post-release control; (2) imposition of consecutive sentences violated Ohio's sentencing statutes; (3) imposition of consecutive sentences was error because it took into account where Jennings resided.  All three assignments of error were overruled and the trial court affirmed.  *Id.*  at ¶ 32.

As indicated, the court of appeals filed its decision on May 30, 2014.  Jennings did not appeal to the Ohio Supreme Court within the forty-five days allowed by law.  He later filed a motion for delayed appeal in the Ohio Supreme Court which that court denied.  *State v. Jennings*,

143 Ohio St. 3d 1403 (July 8, 2015).  According to his Petition, Mr. Jennings has filed no other

post-conviction petition, application, or motion in any state court (Petition, ECF No. 1, PageID 3,

¶ 10).  He avers that he deposited his Petition in the prison mailing system on June 7, 2016, and

is therefore entitled to that date as the filing date.  *Houston v. Lack*, 487 U.S. 266 (1988); *Cook v.*

*Stegall*, 295 F.3d 517, 521 (6th Cir. 2002);  *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

# Analysis

**Statute of Limitations**

28 U.S.C. § 2244(d)(1) contains a one-year period of limitations for filing a petition for

habeas corpus under 28 U.S.C. § 2254 which runs from the date a conviction becomes final on

direct appeal with exceptions not pertinent to this case.  In Ohio a conviction becomes final

forty-five days after the court of appeals affirms the conviction, unless a timely appeal is taken to

the Ohio Supreme Court by that time or that court later grants a motion for delayed appeal.  In

this case the Second District affirmed the convictions and sentence on May 30, 2014.  The

conviction therefore became final forty-five days later on July 14, 2014.  Because Jennings took

no timely appeal, the statute of limitations began to run on that date and expired one year later on

July 15, 2015.  Because the Petition was not filed until almost one year later (June 7, 2016), it is

barred by the statute of limitations.

**Procedural Default**

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the

remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied*, 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(quoting *O'Sullivan*, 526 U.S. at 846-7); *see also Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]") The corollary to this rule is that where a petitioner raised a claim in the state court but in violation of a state's procedural rule, a state court must expressly reject the claim on that procedural ground for a federal court to deem the claim defaulted. *See Williams*, 460 F.3d at 806 (noting that a state court's expressed rejection of a petitioner's claim on procedural basis and petitioner's complete failure to raise a claim in state court are the two ways a claim can be in procedural default).

Ohio requires ineffective assistance of trial counsel claims which depend on the trial record to be raised on direct appeal, but claims depending on evidence dehors the record to be raised by petition for post-conviction relief under Ohio Revised Code § 2953.21.

Under Ohio law, ineffective assistance of trial counsel claims or indeed any constitutional

claims that depend on evidence outside the appellate record must be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21 because evidence cannot be added to the record on direct appeal. *State v. Hooks*,  92 Ohio St. 3d 83 (2001); *State v, Hartman*, 93 Ohio St. 3d 274, 299 (2001); *State v. Keith*, 79 Ohio St. 3d 514, 536 (1997); *State v. Scott*, 63 Ohio App. 3d 304, 308 (1989); *State v. Smith*, 17 Ohio St. 3d 98, 101, fn. 1 (1985).   Conversely, constitutional claims including ineffective assistance of trial counsel claims which are supported by the appellate record must be raised on direct appeal and will be barred by *res judicata*  if attempted to be raised later in post-conviction. *State v. Reynolds*,  79 Ohio St. 3d 158, 161 (1997); *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994); *State v. Lentz*, 70 Ohio St. 3d 527 (1994); *In re T.L.*, 2014-Ohio-1840, ¶ 16, 2014 Ohio App. LEXIS 1804 (8th App. Dist. 2014).

Petitioner Jennings First Ground for Relief for ineffective assistance of trial counsel depends on facts outside the record – what trial counsel did or did not tell Jennings.  But Jennings has never filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 and his time to do so has long since expired.   The First Ground for Relief is therefore procedurally defaulted.

The Second Ground for Relief claims the trial judge violated the Double Jeopardy Clause of the United States Constitution by imposing consecutive sentences for two criminal offenses that happened at the same time and place.  That claim was available to Jennings on direct appeal but never raised and is therefore barred by procedural default.

The Fourth Ground for Relief alleges Jennings received ineffective assistance of trial counsel and ineffective assistance of appellate counsel.  The ineffective assistance of trial counsel claim is procedurally defaulted for the same reason given above as to Ground One.  The ineffective assistance of appellate counsel claim is also procedurally defaulted because Ohio

requires that such claims be raised by application for reopening under Ohio R. App. 26(B). Jennings has never filed such an application and his time for doing so has expired.

**Failure to State A Claim for Habeas Relief**

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida*, 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Jennings Third Ground for Relief claims the Ohio Supreme Court in refusing to hear his appeal misconstrued Ohio Revised Code § 2941.25(A) in violation of the Sixth Circuit's decision in *Atkins v. Turner*. This claim is deficient in several respects. First of all, the Ohio Supreme Court did not give any reasons for its denial of Jennings' motion for delayed appeal. In fact, it would be very unusual for that court to explain denial of such a motion. Secondly, a federal habeas court cannot correct a misconstruction of a state statute made by the highest court of the State. Instead, federal courts are bound by state court construction of their own laws. Finally, the Magistrate Judge has been unable to locate any reported decision of the Sixth Circuit Court of Appeals under the caption given by Petitioner since January 1, 1990.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 29, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).