# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LEMARR JENNINGS,

        Petitioner,    :    Case No. 3:16-cv-369

  - vs -        District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN,
North Central Correctional Complex,

        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 7[1]) to the Magistrate Judge's Report and Recommendations, recommending the Petition be dismissed with prejudice ("Report," ECF No. 6). Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 8).

The Report concluded the Petition was time-barred under 28 U.S.C. § 2244(d) in that the time to file expired July 15, 2015, and Mr. Jennings did not file here until almost a year later on June 7, 2016 (Report, ECF No. 6, PageID 45). Jennings offers no objection to this conclusion.

The Report concluded that Jennings' First, Second, and Fourth Grounds for Relief were barred by Ohio's criminal *res judicata* doctrine in that they had not been raised in the Ohio courts in the ways those courts require (Report, ECF No. 6, PageID 46-49).

---

[1] A second identical set of Objections was filed under seal the day after the first set, for reasons unknown to the Court.

1

Jennings argues that *res judicata* does not apply "to permit a void sentence to stand as a fundamental miscarriage of justice." (Objections, ECF No. 7, PageID 52).  The sole criminal case Jennings cites is *State v. Szefcyk,* 77 Ohio St. 3d 93 (1996).  In fact, *Szefcyk* stands for the exact opposite of the proposition for which Jennings cites it.  Szefcyk had been convicted of involuntary manslaughter on the basis of an underlying minor misdemeanor and his conviction had been affirmed on appeal.  Thereafter, while Szfecyk was still incarcerated, the Ohio Supreme Court changed the law, holding that a minor misdemeanor would no longer support an involuntary manslaughter conviction in Ohio.  Nevertheless, it refused to upset Szfecyk's conviction on that basis, holding

> We, therefore, reaffirm our holding in *Perry* that a convicted defendant is precluded under the doctrine of *res judicata* from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment. We approve of and follow paragraph nine of the syllabus of *State v. Perry, supra*.

77 Ohio St. 3d at 96.  The Sixth Circuit Court of Appeals has repeatedly held that the Perry *res judicata* doctrine is an adequate and independent basis for Ohio courts' decisions. . *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).  Jennings' objection to the application of *res judicata* to his case is not well taken.

Jennings' Third Ground for Relief asserted the Ohio Supreme Court's refusal to hear his

appeal "misconstrued Ohio Revised Code § 2941.25(A) in violation of the Sixth Circuit's decision in *Atkins v. Turner*." (Report, ECF No. 6). The Report concluded this claim did not state a claim for relief under the United States Constitution because in fact the Ohio Supreme Court did not give reasons any reasons for denying review in this case as they seldom do, so it could not be said that their denial was based on a misconstruction of Ohio Revised Code § 2941.25. *Id.* Furthermore, the Magistrate Judge could not find a reported Sixth Circuit decision named "*Atkins v. Turner*."

Jennings objects that the "State of Ohio was asked to answer why certain defendants are not given allied offenses hearings. . ." The Magistrate Judge is not aware of any such question put to the State of Ohio or anything in the United States Constitution that would require the Ohio Supreme Court to explain why it takes one case and not another. The United State Supreme Court takes only a tiny fraction of the cases where petitioners seek its decision. Typically it also gives no reason for denying certiorari. And Jennings has still not produced a copy of the elusive "Atkins v. Turner" from the Sixth Circuit.

Therefore it is again respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 16, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).