# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LEMARR JENNINGS,

        Petitioner,     :    Case No. 3:16-cv-369

  - vs -                    District Judge Thomas M. Rose
                               Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN,
 North Central Correctional Complex,

                                     :

        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 11) to the Magistrate Judge's renewed recommendation that the Petition be dismissed with prejudice on initial review (Supplemental Report, ECF No. 10). Judge Rose has again recommitted the case for reconsideration in light of the Objections (ECF No. 12).

The initial Report in this case concluded the Petition was time-barred under 28 U.S.C. § 2244(d) in that it had been filed almost a year after the statute of limitations ran (Report, ECF No. 6, PageID 45). Although Mr. Jennings made no objection on this point in his initial Objections, he now asserts that "plain error under Crim R. 52(B) . . . can be recognized at any time by this court." (Objections, ECF No. 11, PageID 60.) Fed. R. Crim. P. 52(b) does not govern habeas corpus proceedings which are subject to the statute of limitations in 28 U.S.C. § 2244 adopted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").  Jennings cites no authority that Rule 52(b)

1

creates an exception to the statute of limitations and none is known to the Court.

Jennings' second objection is "to the use of res judicata as a means to dismiss Jennings' First, Second, and Third Grounds for Relief." (Objections, ECF No. 11, PageID 60.) He asserts res judicata "shall not lie against a void judgment. Since Jennings claims his sentencing journal entry is void, res judicata shall not lie." *Id.*, citing *State v. Simpkins*, 117 Ohio St. 3d 420 (2008). In *Simpkins*, the Ohio Supreme Court overruled a res judicata objection by a defendant to a re-sentencing in which five years of post-release control was added to the sentence after he had served seven years. The court found the sentence was void because post-release control was mandatory and "no court has the authority to substitute a different sentence for that which is required by law." 117 Ohio St. 3d at 425, citing *Colegrove v. Burns*, 175 Ohio St. 437 (1964).

*Simpkins* draws the distinction for Ohio res judicata doctrine between judgments which are void and those which are voidable.

> Although res judicata applies to a voidable sentence and may operate to prevent consideration of a collateral attack based on a claim that could have been raised on direct appeal from the voidable sentence, *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, we have not applied res judicata to cases in which the sentence was void. We decline to do so now. "[W]here no statutory authority exists to support a judgment, res judicata does not act to bar a trial court from correcting the error." *State v. Ramey,* Franklin App. No. 06AP-245, 2006 Ohio 6429, P 12. See also *State v. Barnes,* Portage App. No. 2006-P-0089, 2007 Ohio 3362, P 49-51 (same); *State v. Rodriguez* (1989), 65 Ohio App.3d 151, 154, 583 N.E.2d 347 (Quillin, J., dissenting) ("A void judgment can be attacked in post-conviction relief proceedings even if the matter could have been, but was not, raised on direct appeal. If the appellants' sentences are void, the doctrine of *res judicata* is inapplicable").

*Id.* at 426-27. Although Jennings says he claims his judgment is void, he offers no authority for the proposition that the kinds of constitutional errors he asserts are the kinds that make

2

judgments void instead of voidable. For example, his First Ground for Relief is that his guilty plea was involuntary because of ineffective assistance of trial counsel. That Ground for Relief states a claim for relief in habeas because defendants in criminal cases are entitled under the Sixth Amendment to effective assistance of counsel and ineffective assistance of counsel which infects a guilty plea can result in a reversal of the conviction. *Gideon v. Wainwright*, 372 U.S. 335 (1963); *Strickland v. Washington*, 466 U.S. 668 (1984). But there are innumerable instances where a claim of ineffective assistance of trial counsel has been held barred by res judicata when it was not raised in the manner required by Ohio procedural law.

>The classic statement of Ohio criminal res judicata doctrine is:

>>7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him. ...

>>9. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction *or on an appeal* from that judgment.

Syllabus in *State v. Perry*, 10 Ohio St. 2d 175 (1967)(emphasis *sic*.). *See also State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Duling*, 21 Ohio St. 2d 13 (1970). The *Perry* rule has been repeatedly upheld in the Sixth Circuit as an adequate and independent state rule. *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005), *citing Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).

Jennings cannot avoid res judicata merely by **claiming** his sentence is void. Rather, he

must show some constitutional error in the judgment which has been held to make criminal judgments void, not just voidable.

Jennings' third objection is that somehow the Report and Supplemental Report "misrepresent[ ] his argument that res judicata does not apply. . . ." (Objections, ECF No. 11, PageID 60.)  He asserts that to allow res judicata to apply here would be contrary to *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981),  *Williams v. Taylor*, 529 U.S. 420 (2000), and *Bell v. Cone*, 535 U.S. 685 (2002). *Id.* at PageID 60-61.  Jennings misreads or misapplies these cases.  In *Federated Dept. Stores*, the Supreme Court upheld the application of res judicata in a civil context.  Justice Rehnquist wrote for the majority a strong defense of res judicata in civil cases:

> The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply "no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata." Heiser* v. *Woodruff*, 327 U.S. 726, 733 (1946). The Court of Appeals' reliance on "public policy" is similarly misplaced. This Court has long recognized that "[public] policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." *Baldwin* v. *Traveling Men's Assn.*, 283 U.S. 522, 525 (1931). We have stressed that "[the] doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts . . . ." *Hart Steel Co.* v. *Railroad Supply Co.*, 244 U.S. 294, 299 (1917).

452 U.S. at 401.

*Williams v. Taylor*, *supra*, was the Supreme Court's first explication of the meaning of "contrary to or unreasonable application of" as enacted by the AEDPA in 28 U.S.C. § 2254(d)(1).  The doctrine of res judicata was not involved in any way in the case; the words are

4

not mentioned. The same is true of *Bell v. Cone*, *supra*.

Jennings argues *State v. Perry*, *supra*, does not apply to this case because he has "a void judgment, not a final appealable order, and therefore per R.C. [Ohio Revised Code § ] 2505.02 he does not have a final appealable order that can be taken to the Ohio Court of Appeals." (Objections, ECF No. 11, PageID 61.) However, in his Petition he cites to the decision of the Second District Court of Appeals on his direct appeal (ECF No. 1, PageID 2, citing *State v. Jennings*, 2014-Ohio-2307, 2014 Ohio App. LEXIS 2248 (2nd Dist. May 30, 2014)). The Second District decided his assignments of error on the merits and never suggested it should dismiss for lack of jurisdiction because there was no final appealable order.

Jennings last objection clarifies that his prior citations to a case called *Atkins v. Turner* -- which he had said was a Sixth Circuit case and the Magistrate Judge could not find – is actually a Northern District of Ohio case. It is reported at *Atkins v. Turner*, 2016 U.S. Dist. LEXIS 30244 (N.D. Ohio Mar. 9, 2016). Jennings cites *Atkins* for the proposition that "the State of Ohio was asked why certain inmates received allied offenses hearings, and others did not in violation of double jeopardy and equal protection under the law." (Objections, ECF No. 11, PageID 61.) Jennings cites *Atkins* in support of his Second Ground for Relief, but in fact Judge Boyko says nothing about this issue in his decision. Instead, he adopts a Magistrate Judge's recommendation to dismiss Atkins' habeas petition as time-barred.

**Conclusion**

Jennings' Objections are not well taken. Therefore the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice on the basis of the analysis

offered in all three of the Reports. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 5, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).